IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONIR A. GEORGE,              :
                              :
           Petitioner,        :
                              :
     v.                       :   Civil Action No. 15-303-LPS
                              :
DANA METZGER, Warden, and     :
ATTORNEY GENERAL OF THE       :
STATE OF DELAWARE,            :
                              :
           Respondents.[1]    :

## MEMORANDUM OPINION

Monir A. George. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 21, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I. INTRODUCTION

Presently pending before the Court is Petitioner Monir A. George's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 11) For the reasons discussed, the Court will dismiss the Petition.

## II. BACKGROUND

During a fundraising event for St. Mary's Coptic Orthodox Church in May 2008, Petitioner shot Malak Michael, a deacon and chief fundraiser for the church. *See George v. State*, 5 A.3d 630 (Table), 2010 WL 4009202, at *1 (Del. Oct. 13, 2010). Michael died on arrival at Christiana Hospital. Petitioner also attempted to shoot Reverend Mina Mina, another member of the clergy. The shootings were motivated by Petitioner's belief that the church clergy were corrupt and he blamed Michael in particular for his break-up with his wife. *Id.*

Petitioner was charged by indictment with first degree murder, attempted first degree murder, first degree reckless endangering, and three counts of possession of a firearm during the commission of a felony. *See George*, 2010 WL 4009202, at *1. Petitioner waived his right to a jury trial and, after an eight-day bench trial in October 2009, the Superior Court found Petitioner guilty but mentally ill on all charges. (D.I. 13 at 57, 534, 892) He was sentenced to life in prison for the first degree murder conviction, and to a total of 19 years at Level V for the remaining convictions. *See George*, 2010 WL 4009202, at *1. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See id.* at *2.

In October 2011, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11 at 2; D.I. 13 at 832) The

Superior Court denied the Rule 61 motion on June 29, 2012. *See George v. State*, 2012 WL 2553347 (Del. Super. Ct. June 29, 2012). On post-conviction appeal, the Delaware Supreme Court vacated that decision and remanded the case to the Superior Court so that counsel could be appointed to represent Petitioner in his Rule 61 proceeding. *See George v. State*, 61 A.3d 618 (Table), 2013 WL 543899, at *1 (Del. Feb. 12, 2013). On remand, the Superior Court denied Petitioner's Rule 61 motion, and the Delaware Supreme Court affirmed that decision on March 6, 2015. *See George v. State*, 2015 WL 1000228, at *4 (Del. Mar. 6, 2015).

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also*

2

*Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

3

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98

4

(2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003).

## IV. DISCUSSION

Petitioner timely filed the § 2254 Petition presently pending before the Court, which asserts the following five grounds[2] for relief: (1) his waiver of a jury trial was not knowing and voluntary; (2) defense counsel provided ineffective assistance by failing to argue that the trial judge's insufficient colloquy rendered his waiver of a jury trial unknowing and involuntary, and by rejecting the Superior Court's offer to have an independent psychiatrist evaluate Petitioner's competency; (3) appellate counsel provided ineffective assistance by filing a no-merits brief on direct appeal; (4) the Superior Court denied his right to due process during his Rule 61 proceeding by not granting him an evidentiary hearing; and (5) he was denied his right of confrontation when he was not included in an office teleconference that occurred on October 21, 2009 during his bench trial.

---

[2]Ground One of the Petition asserts that Petitioner's waiver of his right to a jury trial was involuntary, and that defense counsel was ineffective for failing to argue that his waiver was involuntary. (D.I. 1) For ease of comprehension, the Court has separated the ineffective assistance allegation regarding the jury trial waiver from Claim One and has included the allegation in Claim Two. Additionally, since Ground Four of the Petition actually contains two distinct arguments, the Court has separated those arguments into Claims Four and Five.

5

### A. Claim One: Waiver of Jury Trial

In Claim One, Petitioner contends that he did not voluntarily waive his right to trial by jury because the trial court's colloquy did not comply with *Davis v. State*, 809 A.2d 565 (Del. 2002). The State contends that the instant Claim should be denied because it only asserts a state law error that is not cognizable on federal habeas review. The Court disagrees with the State's characterization. Since the *Davis* decision references both Delaware and federal law governing the validity of jury trial waivers,[3] the Court views Petitioner's reliance on *Davis* as an assertion that his federal constitutional right to a jury trial was denied due to an invalid jury trial waiver. In other words, Claim One asserts an issue cognizable on federal habeas review.

Before his trial started, Petitioner signed a waiver of jury trial form (D.I. 13 at 892), and participated in the following colloquy with the trial court:

> Court: All right [Petitioner], you signed a paper, after a colloquy with me and after discussions with your counsel, that indicate that you wish to waive a jury trial, you wish to give your right, your constitutional right, to be tried by a jury and, instead, you wish to proceed in a bench trial with the judge sitting as the trier of fact. Is that your wish?
>
> Petitioner: Yes, your honor.
>
> Court: And you executed a waiver of jury trial, do you remember doing that?
>
> Petitioner: Yes, your honor.
>
> Court: Do you have any questions or concerns about that?
>
> Petitioner: No.
>
> Superior Court: [Defense Counsel]?
>
> Defense Counsel: No, your honor.

---

[3] *See Davis*, 809 A.3d at 568-70.

(D.I. 13 at 57) On direct appeal, the Delaware Supreme Court rejected as factually baseless Petitioner's contention that his jury trial waiver was unknowing and involuntary, explaining:

> the record reflects that, before trial, the trial judge carefully questioned [Petitioner] regarding his decision to waive a jury trial []. The record reflects that [Petitioner's] decisions to waive a jury trial and to waive his right to testify were knowing and voluntary.

*George*, 2010 WL 4009202, at *2. On post-conviction appeal, the Delaware Supreme Court held that Rule 61(i)(4) barred as previously adjudicated the argument regarding the voluntariness of Petitioner's jury trial waiver. *See George*, 2015 WL 1000228, at *3. The Delaware Supreme Court also held that its prior ruling that Petitioner's waiver was voluntary and knowing substantively resolved Petitioner's claim that defense counsel provided ineffective assistance by not challenging the waiver. *See id.*

Although a formerly adjudicated claim barred by Rule 61(i)(4) is defaulted for Delaware state court purposes, for the purposes of federal habeas review, the fact that the claim was formerly adjudicated means that it was decided on the merits and should be reviewed under the deferential AEDPA standard contained in § 2244(d)(1). *See Trice v. Pierce*, 2016 WL 2771123, at *4 n.4 (D. Del. May 13, 2016). Consequently, Claim One will only warrant habeas relief if the rejection of the argument by the Delaware state courts[4] was either contrary to, or an unreasonable application of, clearly established federal law.

The Supreme Court has emphasized that a criminal defendant's Sixth Amendment right to a trial by jury may only be relinquished by a knowing, voluntary, and intelligent waiver. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 236-37 (1973); *see also Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 851

---

[4]The Delaware Supreme Court adjudicated the merits of Claim One on direct appeal. The Superior Court also adjudicated the merits of Claim One in Petitioner's Rule 61 proceeding, and its reasoning provides further insight into the denial of the Claim. Therefore, the Court refers to the Delaware state courts as issuing the relevant decisions, rather than the Delaware Supreme Court alone.

7

(3d Cir. 2017). Significantly, the inquiry into the voluntariness of the waiver of a constitutionally guaranteed right, including the right to a jury trial, has two distinct elements. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986); *see also Attica v. Frank*, 2001 WL 827455, at *9 (E.D. Pa. July 11, 2001).

> First, the waiver of the right must have been knowing and voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. *Id.* Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to waive it.

*Moran*, 475 U.S. at 421. In *Johnson v. Zerbst*, the Supreme Court explained that the determination as to whether there has been a knowing and intelligent waiver of a constitutional right depends upon the facts and circumstances of each particular case, including the background, experience and conduct of the accused. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 278 (1942); *Bess v. Giroux*, 2017 WL 4957867, at *6 (E.D. Pa. Oct. 31, 2017). Notably, although an on-the-record colloquy "can be helpful to assure that a criminal defendant is properly advised of his right to be tried by jury," "no such colloquy is required . . . under constitutional law." *United States v. Lilly*, 536 F.3d 190, 197 (3d Cir. 2008).

The Delaware Supreme Court's rejection of Claim One was not contrary to clearly established Supreme Court precedent. When discussing the voluntariness of Petitioner's jury trial waiver on post-conviction appeal, the Delaware Supreme Court cited *Smith v. State*, 918 A.2d 1144, 1149 (Del. 2007), which set forth a standard for determining the voluntariness of a waiver that was identical to the one set forth in *Moran*. *See George*, 2015 WL 1000228, at *3 n.15.

The Court must also determine if the Delaware Supreme Court's decision was based on a reasonable application of clearly established federal law. The record reflects that defense counsel met with Petitioner on July 9 and July 30, 2009 to discuss the issue of waiving Petitioner's right to proceed with a jury trial. (D.I. 13 at 937, 945-46) At Petitioner's request, defense counsel met with

8

two of Petitioner's closest friends to discuss the idea of waiving a jury trial. (D.I. 13 at 945-46) Defense counsel recommended that Petitioner should proceed by bench trial rather than by a jury trial. (*Id.*) Petitioner and defense counsel executed the waiver on August 7, 2009, and the prosecutor executed the waiver on August 25, 2009. (D.I. 13 at 892, 937) Additionally, before his trial started, Petitioner participated in a colloquy with the trial court.

Viewing the factual record behind the written waiver and the transcript of the waiver colloquy together demonstrates that the trial court, defense counsel, and Petitioner had previously discussed his decision to waive a jury trial, that Petitioner relinquished the right voluntarily, and that Petitioner understood the right he was abandoning and the consequences of the waiver. Thus, the Court will deny as meritless Petitioner's contention that his waiver of his right to a jury trial was invalid.

### B. Claim Two: Ineffective Assistance of Defense Counsel

In Claim Two, Petitioner contends that defense counsel provided ineffective assistance by failing to challenge the sufficiency of the trial judge's colloquy with Petitioner about his waiver of a jury trial, and also by failing to accept the appointment of an "independent" psychiatric expert to evaluate his competence. Petitioner raised these arguments in his Rule 61 motion on remand, which the Superior Court denied. On post-conviction appeal, Petitioner raised the issue of defense counsel's ineffectiveness with respect to the jury trial waiver, but did not raise the issue of defense counsel's failure to accept the appointment of an independent psychiatric expert.

#### 1. Ineffective assistance with respect to Petitioner's jury trial waiver

On post-conviction appeal, the Delaware Supreme Court concluded that Petitioner's allegation of ineffective assistance with respect to his jury trial waiver was barred as previously adjudicated under Rule 61(i)(4). Since the application of Rule 61(i)(4) recognizes that the Delaware

9

state courts adjudicated the merits of a claim at some earlier time, the Court must determine if the Delaware state courts' rejection of the claim was contrary to, or involved an unreasonable application of, clearly established federal law.[5]

The Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* A court can choose to address the prejudice prong before the deficient performance prong, and reject an ineffective assistance of counsel claim solely on the ground that the defendant was not prejudiced. *See id.* at 698.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong

---

[5]On direct appeal, the Delaware Supreme Court summarily held that the record factually supported the conclusion that Petitioner voluntarily and knowingly waived his right to a jury trial. *See George*, 2010 WL 4009202, at *2. During the Rule 61 proceeding, the Superior Court provided a more in-depth analysis as to why Petitioner's waiver was knowing and voluntary when discussing Petitioner's ineffective assistance of counsel and appellate counsel claims. (D.I. 13 at 774-75) Given these circumstances, the Court will refer to the "Delaware state courts" when discussing the adjudication of Petitioner's allegation that trial and appellate counsel provided ineffective assistance in how they handled the jury trial wavier.

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

With respect to the first prong of the § 2254(d)(1) inquiry, a "state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court precedent, or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from that reached by the Supreme Court." *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Since the Delaware Superior Court correctly identified the *Strickland* standard applicable to the instant allegation (D.I. 13 at 775-75), the Superior Court's decision was not contrary to *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine if the Delaware state courts reasonably applied the *Strickland* standard to the facts of Petitioner's case. When considering the second prong of the § 2254(d), the Court must review the Superior Court's decision with respect to Petitioner's ineffective assistance of counsel claim through a "doubly deferential" lens.[6] *See Richter*, 562 U.S. at 105. The relevant question "is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* In turn, when

---

[6]As explained by the *Richter* Court,

> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

562 U.S. at 105 (internal citations omitted).

assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* Finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

In denying the instant allegation on remand, the Superior Court explained:

> Neither trial Counsel nor appellate Counsel was ineffective for failing to challenge the judge's colloquy. Delaware law justifies the use of the limited colloquy under the totality of the circumstances and *Davis*, while strongly advis[ing] judges to make a detailed record, still nonetheless upholds the totality of circumstances test. The State argues that trial Counsel made a strategic decision after consultation with other defense counsel, the Defendant, and the defendant's friends.
>
> * * *
>
> Finally, Defendant does not assert any prejudice under *Strickland*. [ ] It is not clear from Defendant's submissions as to how the result under this bench trial was different from a potential jury verdict. The Court can see many advantages of having this case tried by a judge rather than a jury which could be influenced by the dramatic way Defendant killed his victim, the location (a church event), and the way it was necessary to wrestle the weapon from the Defendant. It is noteworthy that appellate Counsel states that trial Counsel believed that "given the uncontroverted, violent fact, and despite the evidence of Defendant's serious mental illness at that time, there was *no possibility* that a jury would find that Defendant was not guilty by reason of insanity or possibly even guilty but mentally ill. . ." This belief, appellate Counsel opines, was shared by him.

(D.I. 13 at 776-77) (emphasis in original) In addition, on post-conviction appeal, the Delaware Supreme Court noted that its "prior ruling on direct appeal that [Petitioner's] waiver of jury trial was knowing and voluntary was a substantive resolution of [Petitioner's] present ineffectiveness of counsel claim." *George*, 2015 WL 1000228, at *3. The Delaware Supreme Court then opined that,

12

"[b]y ruling that [Petitioner's] waiver was voluntary and knowing, we effectively precluded [Petitioner's] ability to prove prejudice under a *Strickland* analysis. " *Id.*

The Court has already determined that the record supports the Delaware state courts' finding that Petitioner's waiver of his right to a jury trial was knowing and voluntary. An attorney does not provide ineffective assistance by failing to raise meritless objections. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Accordingly, the Court will deny this portion of Claim Two as meritless.

### 2. Ineffective assistance with respect to appointment of psychiatric expert

Next, Petitioner contends that defense counsel should have permitted the trial court to appoint an independent psychiatric expert to evaluate his competence. Although Petitioner presented this argument to the Superior Court in his Rule 61 motion, his failure to present it to the Delaware Supreme Court on post-conviction appeal means that the argument is unexhausted. At this juncture, any attempt by Petitioner to raise this portion of Claim Two in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1) and as repetitive under Rule 61(i)(2). Consequently, the Court must treat this portion of Claim Two as technically exhausted but procedurally defaulted, which means that the Court cannot review the merits of the Claim absent a showing of cause and prejudice, or that a miscarriage of justice will result without such review.

Petitioner does not assert, and the Court cannot discern, any cause for his failure to present this argument on post-conviction appeal. In the absence of cause, the Court does not need to address prejudice. Nevertheless, Petitioner also cannot establish prejudice from his procedural default. Defense counsel had Petitioner evaluated by a psychologist and a psychiatrist prior to trial, and called both to testify. (D.I. 13 at 234, 279) On five separate instances during the trial, defense

counsel advised the trial court that she believed Petitioner was competent to stand trial. (D.I. 13 at 56, 203, 279, 396, 410) In her affidavit, defense counsel explained that she was able to communicate effectively with Petitioner throughout the course of the trial and never perceived him to be incompetent. (D.I. 13 at 549-551) Given this record, Petitioner cannot demonstrate how having another expert to testify at trial would have assisted him in his trial.

The miscarriage of justice exception also does not excuse Petitioner's procedural default, because he has not provided any new reliable evidence of his actual innocence. Accordingly, the Court will deny the instant portion of Claim Two as procedurally barred.

### C. Claim Three: Ineffective Assistance of Appellate Counsel

In Claim Three, Petitioner contends that appellate counsel provided ineffective assistance by filing a no-merits brief. He appears to focus on appellate counsel's failure to argue that his waiver of jury trial was involuntary and unknowing. The Delaware Supreme Court denied this same argument under Rule 61(i)(4) for being previously adjudicated. Since the application of Rule 61(i)(4) demonstrates that the Claim's merits have been adjudicated, Petitioner will only be entitled to relief if the Delaware state courts' denial of Claim Three was either contrary to, or an unreasonable application of, *Strickland*.

Claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standard applicable to trial counsel. *See Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). An attorney's decision about which issues to raise on appeal are strategic,[7] and an attorney is not required to raise every possible non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Smith v. Robbins*, 528 U.S. 259, 272 (2000). Moreover, after conscientiously reviewing the

---

[7] *See Albrecht v. Horn*, 485 F.3d 103, 138 (3d Cir. 2007); *Buehl v. Vaughn*, 166 F.3d 163, 174 (3d Cir. 1999) (counsel is afforded reasonable selectivity in deciding which claims to raise without being labeled ineffective).

14

record, an appellate attorney may certify to an appellate court that he has not identified a meritorious claim and move to withdraw. *See McCoy v. Court of Appeals*, 486 U.S. 429, 443-44 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

The Delaware state courts' denial of Claim Three was not contrary to clearly established federal law. The state courts cited and applied the proper *Strickland* standard when denying the instant ineffective assistance of appellate counsel claim. The Delaware state courts also reasonably applied *Strickland* to the facts of Petitioner's case. As previously discussed, the Delaware Supreme Court explained that its ruling regarding the voluntariness of Petitioner's waiver of his right to a jury trial precluded his ability to establish prejudice under *Strickland*. In addition, in his Rule 61 affidavit, appellate counsel explained that he "was aware from [his] review of the record that [Petitioner] had executed a written waiver of jury trial which had been submitted to the Superior Court and that the Superior Court had conducted a colloquy with [Petitioner] concerning his waiver." (D.I. 13 at 547) Appellate counsel "did not give further consideration to raising as an issue on appeal that [Petitioner's] waiver of his right to jury trial was legally inadequate because [he] thought it was legally sufficient under the circumstances." (D.I. 13 at 547-48) Given this record, the Court concludes that the Delaware state courts reasonably applied *Strickland* in denying Petitioner's ineffective assistance allegation about appellate counsel's no-merits brief. Therefore, the Court will deny Claim Three for failing to satisfy § 2254(d).

### D. Claim Four: Rule 61 Evidentiary Hearing

In Claim Four, Petitioner contends that the Superior Court denied his right to due process during his Rule 61 proceeding by not granting him an evidentiary hearing. This Claim alleges a state law error that is not cognizable on federal habeas review because Petitioner's ultimate criticism is with the Superior Court's analysis in a state collateral proceeding. *See Hassine v. Zimmerman*, 160 F.3d

15

941, 954 (3d Cir. 1998) (holding that "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas proceeding.") (emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Accordingly, the Court will deny Claim Four for failing to assert a proper basis for federal habeas relief.

### E. Claim Five: Exclusion From Office Conference About Prison Conditions

On October 21, 2009, the Superior Court held an office conference to inquire into the conditions of Petitioner's confinement. Petitioner was not present during this conference. Consequently, in his final Claim, Petitioner contends that the Superior Court violated his due process rights by holding the conference in his absence.

The Court concludes that Claim Five does not present an issue cognizable on federal habeas review because the conference regarding prison conditions was not related to the fact or duration of Petitioner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Nevertheless, even if Claim Five should be construed as presenting a valid due process argument, the record reveals that it is unexhausted because Petitioner did not present the issue to the Delaware Supreme Court on direct appeal or on post-conviction appeal. At this juncture, any attempt by Petitioner to raise Claim Five in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1), as repetitive under Rule 61(i)(2), and as procedurally defaulted under Rule 61(i)(3). Consequently, the Court must treat Claim Five as technically exhausted but procedurally defaulted, which means that the Court cannot review the merits of the Claim absent a showing of cause and prejudice, or that a miscarriage of justice will result without such review.

Petitioner does not assert, and the Court cannot discern, any cause for his failure to present this argument on post-conviction appeal. In the absence of cause, the Court will not address prejudice. The miscarriage of justice exception also does not excuse Petitioner's procedural default, because he has not provided any new reliable evidence of his actual innocence. Accordingly, the Court will deny Claim Five as procedurally barred.

## V. PENDING MOTIONS

During the pendency of this proceeding, Petitioner filed two Motions to Compel the Return of all Legal Papers and Documents (D.I. 18; D.I. 20), a Motion to Appoint Counsel (D.I. 19), and a Motion to Stay (D.I. 22). Having concluded that it must deny the instant Petition in its entirety, the Court will dismiss the three Motions as moot.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VII. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.