IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MONIR A. GEORGE, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 15-303-LPS |
| DANA METZGER, Warden, and the ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## **MEMORANDUM**

### I. INTRODUCTION

Pending before the Court is Petitioner Monir A. George's ("Petitioner") Motion for Reconsideration of the Court's refusal to issue a certificate of appealability with respect to its denial of Petitioner's § 2254 Petition. (D.I. 27) For the reasons discussed, the Court will deny Motion for Reconsideration.

### II. BACKGROUND

On September 21, 2018, the Court declined to issue a certificate of appealability after denying in its entirety Petitioner's § 2254 Petition challenging Petitioner's 2009 convictions for first degree murder, attempted first degree murder, first degree reckless endangering, and possession of a firearm during the commission of a felony. (D.I. 23 at 18; D.I. 24) Petitioner filed a notice of appeal in the Third Circuit Court of Appeals. (D.I. 25; D.I. 26) On October 19, 2018, Petitioner filed in this Court the pending Motion for Reconsideration. (D.I. 53) On January 31, 2019, the Third Circuit issued an Order staying Petitioner's appeal until the disposition of the Motion for Reconsideration. (D.I. 30)

## III. LEGAL STANDARDS

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device . . . used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly-discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles

---

[1] *Fiorelli*, 337 F.3d at 288.

2

applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

If a district court is presented with a Rule 60(b) motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). A district court presented with an unauthorized second or successive habeas petition must either "dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139.

Notably, Third Circuit precedent requires a district court to view a timely Rule 59(e) motion as lying "outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks." *Blystone*, 664 F.3d at 414. In other words, timely Rule 59(e) motions to amend or alter judgment are materially different from Rule 60(b) motions for reconsideration, such that a timely Rule 59(e) motion does not constitute a second or successive habeas petition even if it advances a habeas claim. *See id.* at 413.

## IV. DISCUSSION

Petitioner has not identified the authority under which he moves for reconsideration. Since the instant Motion for reconsideration was filed within 28 days[3] of the entry of the Court's

---

[2] *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

[3] Petitioner filed the instant Motion on October 19, 2018, which was the 28th day after the entry of the Court's judgment on September 21, 2018. *See* Fed. R. Civ. P. 6(a)(1)(A).

3

judgment, the Court will treat the Motion as though filed pursuant to Rule 59(e). *See Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). In addition, although Petitioner appears to limit his reconsideration request to the Court's denial of a certificate of appealability, the Court liberally construes the Rule 59(e) Motion as a request for the Court to reconsider its denial of Petitioner's § 2254 Petition as well as its refusal to issue a certificate of appealability.

Here, Petitioner does not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the Court's denial of the § 2254 Petition or its refusal to issue a certificate of appealability. Instead, he re-asserts a previously-considered argument along with numerous previously-available exhibits. Accordingly, the Court will deny the instant Rule 59(e) Motion.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

March 14, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

4